DocuSign Envelope ID: 39F2ADB3-22AE-430C-BD63-625E8869C363

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**STUDENT PID A54456680,**

    **PLAINTIFF,**

CASE NO: _____

V

HON. _____

**MICHIGAN STATE UNIVERSITY,**
and
**BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY**

    **DEFENDANTS.**

**ATTORNEY FOR PETITIONER:**
 THE NICHOLS LAW FIRM, PLLC
 BY: MICHAEL J. NICHOLS (P59391)
 3452 East Lake Lansing Road
 East Lansing, Michigan 48823
 (517) 432-9000

**ATTORNEY FOR RESPONDENT:**
 MSU OFFICE OF GENERAL COUNSEL
 BY: BRIAN T. QUINN (P66272)
 426 Auditorium Road, Rm 494
 East Lansing, Michigan 48824-2600
 (517) 884-9483



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND REQUEST FOR INJUNCTIVE RELIEF

**NOW COMES** Student ID Number A54456680 (Plaintiff-Student) and states:

### NATURE OF THE CASE

1. The nature of this case is that the Defendants, acting under color of law, deprived Plaintiff-Student of Federal Rights by imposing major disciplinary action and suspended Plaintiff-Student in the middle of Plaintiff-Student's final

semester as an undergraduate college student without providing Plaintiff-Student with fundamental Due Process.

2. This complaint seeks to remedy irreparable harm that Plaintiff-Student has incurred by the suspension imposed by the Defendants.

3. This is a complaint for violations of due process and the rights/protections under the United States Constitution's fifth Amendment and fourteenth Amendment.

4. This court has jurisdiction pursuant to 28 USC 1331 and 28 USC 1343.

5. Plaintiff-Student was enrolled at Michigan State University ("Defendant University").

6. The Board of Trustees ("Defendant-Trustees") is the governing body of Defendant-University as established by the Michigan Constitution and recognized under Michigan law.

7. Defendants are liable to the Plaintiff-Student under 42 USC 1983.

8. Plaintiff-Student was suspended by the Dean of Students Office ("the Dean") by way of an email announcement on Monday, October 5, 2020. See - Exhibit 1 – Suspension email from the Dean).

9. The suspension followed an investigation by the Office of Institutional Equity (OIE) that failed to follow federal law in particular, administrative rules promulgated under 20 USC 1681 at 85 FR 30026 ("Title IX Investigation").

10. The question that the Title IX investigation was purportedly undertaken to answer was whether Plaintiff-Student violated the Defendant-University policy concerning Sexual Assault/Relationship Violence ("the Policy").

11. After the so-called investigation, the investigator concluded that the Policy was violated.



NICHOLS LAW FIRM

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

12. The decision about whether the Policy was violated and a recommendation for a sanction was made by the Equity Resolution Officer ("the ERO").

13. The ERO's decision was made with no hearing.

14. The ERO's decision was made with no participating complainant. See Exhibit 2 – October 2, 2020 ERO Report.

15. Three witnesses were interviewed during the investigation, none of whom had personal knowledge of the facts and all of whom were connected to law enforcement.

16. The OIE investigator who investigated the case is biased in violation of 34 CFR Part 106 (85 FR 30026) and the Defendant-University's own policies.

17. The ERO recommended a one-year suspension to the Dean.

18. The decisions regarding the violation as well as the suspension were both appealed by the Plaintiff-Student. Exhibit 2.

19. The Dean upheld the decision on October 5, 2020 but shortened the suspension to one-semester, *retroactive* to September 4, 2020 and through December 18, 2020. See Exhibit 3 – October 5, 2020 decision of the Dean.

20. Plaintiff-Student was already enrolled and nearing completion of the Fall, 2020 semester, which was entirely on-line due to the COVID-19 pandemic.

21. Plaintiff-Student's parents already paid over $12,000.00 toward the approximately $25,000.00 semester tuition.

22. The money paid for tuition apparently is not to be refunded unless the Plaintiff-Student sends an email, from Plaintiff-Student's MSU email account and demonstrates why the circumstances warrant a refund, because the deadline to withdraw from classes to get a refund was September 28, 2020, despite that



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

policy a refund mysteriously appeared in the account for Plaintiff-Student's parents on October 8, 2020.

23. The semester was to be the final semester for Plaintiff-Student as he was expecting to complete the final credits required for Plaintiff-Student to graduate from Defendant University.

24. Plaintiff-Student was enrolled full-time at Defendant-University since 2016 with no history of stalking or other misconduct prior to this allegation.

25. The decision from the Dean is final and not appealable.

26. Plaintiff-Student has exhausted Plaintiff-Student's administrative remedies.

27. Plaintiff-Student would have completed all of Plaintiff-Student's courses in May 2020, but he withdrew from school during the Spring, 2019 semester because of mental health issues for which he was receiving counseling and treatment.

28. Plaintiff-Student was an economics major with a minor in computer science.

29. Plaintiff-Student's GPA in Plaintiff-Student's major is approximately 3.5; Plaintiff-Student's overall GPA is approximately 3.2.

30. Plaintiff-Student has been engaged in searching for a job in Plaintiff-Student's field with the expectation of a start date sometime in January 2021.

31. Plaintiff-Student's pursuit of Plaintiff-Student's education is protected by the United States Constitution (USCA Am. 5th, USCA Am. 14th).

32. Plaintiff-Student's pursuit of Plaintiff-Student's career is protected by the United States Constitution (USCA Am. 5th; USCA Am. 14th).

33. Plaintiff-Student's pursuits of Plaintiff-Student's education and career and Plaintiff-Student's mental health have been harmed irreparably by Defendants' conduct to suspend Plaintiff-Student without proper process.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

DocuSign Envelope ID: 39F2ADB3-22AE-430C-BD63-625E8869C363

34. Defendant-Trustees allowed and upon information and belief, approved of the conduct of the employees of the Defendant-University in deliberately refusing to follow federal law for conducting "Title IX" investigations.

35. The acts complained of were under color of state law.

36. The acts complained of deprived Plaintiff-Student of Plaintiff-Student's federal rights.

37. The wrongful failure of the Defendants' to follow federal law has caused:

    a. An indelible stain on Plaintiff-Student's record and transcript;

    b. An indelible deleterious and embarrassing stain on Plaintiff-Student's good name;

    c. Exacerbation of Plaintiff-Student's struggles with Plaintiff-Student's mental health including anxiety, humiliation, embarrassment and depression;

    d. An irreversible setback in the ability of the Plaintiff-Student to find employment in Plaintiff-Student's career, not simply by virtue of the delay but an indelible stain on Plaintiff-Student's college transcript which will upon information and belief, be reviewed by potential employers;

38. The acts that are the subject of this complaint occurred in East Lansing, Michigan in the Western District of the United States District Court.

## GENERAL HISTORICAL ALLEGATIONS

39. Plaintiff-Student incorporates the preceding allegations by reference as though fully stated herein.

40. Plaintiff-Student enrolled at Michigan State University in 2016 from Plaintiff-Student's home state, in another part of the country.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

41. Plaintiff-Student generally succeeded both socially and academically at school.

42. He started dating Student 1, and they enjoyed a close, committed, and serious dating relationship from April 2018 to about April 2019.

43. The pair broke off the relationship at that time after Student 1 returned from having a dinner with friends to discover that Plaintiff-Student created a Tinder Account using a picture of them together, ostensibly to retaliate against Student 1 for going to the dinner. See Exhibit 3 – Tinder Account Photograph.

44. At that point in time, Plaintiff-Student was struggling with mental and emotional problems and he withdrew from the Defendant-University in the spring 2019.

45. Student 1 and Plaintiff-Student then re-kindled the relationship during the summer months of 2019, when Student 1 took part in an internship in a large city that was also the same city that was Plaintiff-Student's "hometown" and they ended up spending a significant amount of time together there.

46. The relationship ended again after Plaintiff-Student had a mental health crisis in late summer, right before both were scheduled to go back to Michigan State University.

47. When both returned to campus, Plaintiff-Student allegedly engaged in stalking conduct, with the specific allegations including persistent phone calls to Student 1, appearing at buildings where Student 1 had classes, going to Student 1's apartment.

48. Student 1 made a complaint to Michigan State University Police ("MSU PD") and asked for a "cease and desist" letter.

49. Student 1 alleges that Plaintiff-Student failed to abide by the letter.

50. Student 1 never consented to a Title IX investigation by OIE.

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

51. Criminal charges were filed at 54B District Court and remain pending.

52. Upon information and belief, Student 1 does not wish to participate in prosecution of the criminal case.

53. Upon information and belief, Student 1 is no longer on campus at Defendant-University.

54. The Title IX investigation started in November 2019.

55. The Policy requires that the investigation be completed within a prompt time- period, generally sixty days.[1]

56. The Policy was revised August 14, 2020, the last day for institutions that receive federal funds under 20 USC 1681 (Title IX) to adopt the rules changes that were issued in February 2020 and approved in May 2020.

57. The Policy entitles the respondent to bi-weekly updates, upon information and belief, the "frequent updates" policy was nothing new in the August 14, 2020 version of The Policy.

58. Plaintiff-Student received the benefit of neither a prompt investigation nor periodic updates from the investigator, and so Plaintiff-Student continued to make decisions about Plaintiff-Student's academic progress and made plans to finish school in December, 2020 and look for the first job after graduation accordingly.

59. The Title IX investigation was completed by an OIE investigator, who is a member of several "victim-support" organizations, is active in the survivor-community and proceeded with the investigation even though Student 1 never participated, never wanted an investigation and Plaintiff-Student asked him through counsel to terminate the process because he had criminal charges pending and because the

NICHOLS LAW FIRM

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

---

[1] https://civilrights.msu.edu/_assets/documents/RVSM%20and%20Title%20IX%20Policy.pdf rev Aug 14, 2020

U.S. Department of Education (U.S. DOE) announced changes to 34 CFR Part 106 in May 2020.

60. In the meantime, Defendant-University opposed the changes to Title IX Investigative procedures that were issued. See Exhibit 4 - Letter in Opposition.

61. The changes were announced in February 2020 and in May 2020 the USDOE announced guidance that gave recipient institutions until August 14, 2020 to implement the changes (please see 34 CFR Part 106 "synopsis").

62. All the aforesaid developments occurred while the Title IX investigation into the Plaintiff-Student lingered.

63. The Defendant-University and its employees all proceeded based on the prior state of the law that was revised and reformed while the Plaintiff-Student's "case" was pending.

64. Defendant-University's employees failed to follow either "The Policy" as modified and certainly failed to follow the current law.

65. Whether the law is applied retroactively is a question of law but the Defendant-University's employees failed to give Plaintiff-Student due process regardless of which law applies.

66. Plaintiff-Student's silence was treated as an admission by Plaintiff-Student to the allegations that Plaintiff-Student violated the Policy by the alleged conduct of stalking Student 1, even though Plaintiff-Student chose to remain silent because of pending criminal charges and because of Plaintiff-Student's belief that Student 1 did not want either a criminal investigation or Title IX investigation to go forward and therefore, both would be dropped.

NICHOLS LAW FIRM

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

DocuSign Envelope ID: 39F2ADB3-22AE-430C-BD63-625E8869C363

67. The Investigator and other Defendant-University employees demonstrated a callous disregard for the process and abject disrespect for the Plaintiff-Student's right to have a reasonably expeditious investigation with updates.

68. Defendants deprived Plaintiff-Student of Plaintiff-Student 's constitutional right to an education, the pursuit of happiness and Plaintiff-Student's right to due process through its wrongful conduct as described above.

## COUNT I – DUE PROCESS VIOLATION UNDER 42 USC 1983

69. Plaintiff-Student incorporates the preceding allegations by reference as though fully stated herein.

70. The due process clause of the 5th Amendment of the United States Constitution states that "no person shall be deprived of life, liberty, or property, without due process of law …"

71. Plaintiff-Student has a property interest in Plaintiff-Student's education as well as a disciplinary decision, *Doe v Cummins*, 662 F App'x 437 (6th Cir 2006).

72. Plaintiff-Student has a property interest in pursuing Plaintiff-Student's chosen profession.

73. Plaintiff-Student is almost finished with Plaintiff-Student's economics degree and Plaintiff-Student has chosen to pursue a career path in finance.

74. The one-semester suspension is a long-term separation or "major discipline."

75. As described above and as further outlined in the attached objection/appeal that Plaintiff-Student presented to the Defendant-University via the Dean and the ERO (Exhibit 2), the Defendant-University violated federal law in the manner in which the investigation was conducted and further, violated its own policy by way of fracturing timelines and notifications.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

76. As described above and as further outlined in the attached objection/appeal that Plaintiff-Student presented to the Defendant-University via the Dean and the ERO (Exhibit 2), the Defendant-University violated federal law in the manner in which the investigation was conducted and further, violated its own policy by affording no hearing whatsoever and relying on three hearsay witnesses.

77. As described above and as further outlined in the attached objection/appeal that Plaintiff-Student presented to the Defendant-University via the Dean and the ERO (Exhibit 2), the Defendant-University violated federal law in the manner in which the investigation was conducted and further, violated its own policy by proceeding without a complainant requesting it or even assenting to the same.

78. The stigmatization of the Plaintiff-Student based on disciplinary action requires strict adherence to the law.

79. The lack of adherence to either federal law or its own procedures by the employees of the Defendants was so lacking that the ultimate decision that Plaintiff-Student was responsible for violating The Policy was arbitrary and lacked any standards and in violation of Plaintiff-Student's right to due process under the United States Constitution, including:

    a. The absence of *any* hearing, let alone the right to cross-examine;
    b. A finding of a violation of The Policy without a witness who asserted any injury under the policy;
    c. An investigation/prosecution that took 9 months to complete even though the investigator only talked with 3 hearsay witnesses, who all worked for the Defendant-University;

NICHOLS
LAW FIRM

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

    d. Assuming that Plaintiff-Student admitted to the conduct because he failed to actively deny the conduct alleged during the Title IX Investigation.

80. The protections of the 14th Amendment are required in disciplinary proceedings by institutions of higher education.

81. Plaintiff-Student has a property interest in Plaintiff-Student's reputation and good name.

82. The Plaintiff-Student has the right to pursue an education at a public institution from which he cannot be denied without due process.

83. The Plaintiff-Student's transcript at Defendant-University has life-long implications for Plaintiff-Student if the transcript or Plaintiff-Student's disciplinary record reflect discipline.

84. The Defendants acted with reckless indifference to the Plaintiff-Student's rights under The Policy.

85. The Defendants acted with reckless indifference to the Plaintiff-Student's rights under the law.

86. Even if the revised rules are not applied retroactively, the policy that was in place for the university was constitutionally infirm because it did not ensure due process to the Plaintiff-Student or anyone similarly situated.

WHEREFORE Plaintiff-Student asks this Court to award Plaintiff-Student all relief allowed under 42 U.S.C. § 1983 including but not limited to:

    e. Compensatory damages in an amount of at least $75,000.00;

    f. Nominal damages and;

    g. Punitive damages including actual costs and reasonable attorney fees.

NICHOLS LAW FIRM

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

## COUNT II – INJUNCTIVE RELIEF IS NECESSARY

87. Plaintiff-Student incorporates the preceding paragraphs by reference as though fully stated herein.

88. For the reasons set forth above and will be further alleged, Plaintiff-Student will suffer an irreparable injury in the absence of a preliminary injunction issued without a hearing.

89. Plaintiff-Student is likely to be successful on the merits of Plaintiff-Student's complaint because of the failures of the Defendants to afford Plaintiff-Student any due process.

90. The balance of the hardships between the parties and any nonparties weighs heavily in granting the injunction.

    h. Defendant-University ostensibly seeks the enforcement of The Policy but in so doing, has separated Plaintiff-Student from Plaintiff-Student's studies for Plaintiff-Student's final semester at almost the equidistant point between the beginning of the semester and the end of the semester. He was taking classes on-line, was no threat to Student 1 or anyone on campus for that matter and if the injury is allowed to continue, he will have purchased books, invested time, will have to re-learn material and may not be able to take the necessary classes that he needs to take to accomplish all of the credits. These same classes will not all be available "next" semester. Plaintiff-Student's depression and anxiety have been exacerbated by the separation and will continue based on the uncertainty created by the same.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

  i. Defendant-University will not suffer any hardship, considering that it failed to apply strict adherence to the policy that it did not want – which are the current rules promulgated by the Office for Civil Rights and the Department of Education – nor did it apply the policy that it did want – the rules that were revised extensively. Therefore, the Defendants will suffer no hardship.

  j. In the meantime, Plaintiff-Student was dis-enrolled from all classes on Wednesday, October 7, 2020. With each passing day that he is separated from Plaintiff-Student's resources, Plaintiff-Student's on-line instruction, and the mentality of unfettered ability to progress toward graduation, he falls further and further behind.

91. Public policy favors greatly the issuance of an injunction because of the folly of the timing of this laggard investigation and disciplinary action.

  k. Because the Defendant-University and its employees timed the suspension to fall in the middle of the Fall 2020 semester, the Defendant itself created a greater likelihood of the harm that it seeks to prevent will occur. Plaintiff-Student is not even on campus because all learning is on-line. Student 1 is upon information and belief not on campus either. If any form of in-person instruction returns when Plaintiff-Student returns in January 2021, there is a greater likelihood that the 2 will "see" or "run into" each other.

92. The Plaintiff-Student cannot wait fourteen days for a hearing on the request for injunctive relief for the reason stated above: Plaintiff-Student will fall further and



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

further behind for each day that he remains separated from the activities of a fully-enrolled student.

93. Plaintiff-Student's attorney gave notice by way of email to the office of general counsel for the Defendant-University by e-mailing quinnbrian@msu.edu at approximately 11:00 am on October 9, 2020; a response was received objecting to a temporary restraining order but assenting to the motion to proceed anonymously and to file exhibits under seal.

94. Plaintiff-Student is not requesting that this court manage the Defendants' Title IX Policy on an ad hoc basis; what he is requesting is that the court enjoin the Defendant-University from dis-enrolling Plaintiff-Student based on the investigation and process that was used here, and reinstate Plaintiff-Student's eligibility pending a process to investigate or not investigate Plaintiff-Student's conduct described above that follows the law.

WHEREFORE Plaintiff-Student requests that this Honorable Court

A. Treat this request as a TRO with notice under Fed R Civ P 65(b) and issue the order without the need for a hearing after fourteen days' notice;

B. Schedule a hearing to convert the TRO to a Preliminary Injunction pending a trial on the merits expeditiously;

C. Grant Plaintiff-Student all damages including equitable relief as is just, proper and equitable.

I verify that the foregoing is true to the best of my knowledge, information and belief.

Date: October 9, 2020                                   /s/ Student PID A54456680

NICHOLS LAW FIRM

ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

                                           **THE NICHOLS LAW FIRM, PLLC**

                             BY:    /s/Michael J. Nichols
                                         **MICHAEL J. NICHOLS (P59391)**
                                         Attorney for Petitioner
                                         3452 East Lake Lansing Road
                                         East Lansing, Michigan 48823
Dated: October 15, 2020            (517) 432-9000



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com