**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**STUDENT PID A54456680,**

        **PLAINTIFF,**

CASE NO: _____

V

HON. _____

**MICHIGAN STATE UNIVERSITY,**
**and**
**BOARD OF TRUSTEES OF MICHIGAN**
**STATE UNIVERSITY**

        **DEFENDANTS.**

**ATTORNEY FOR PETITIONER:**
  **THE NICHOLS LAW FIRM, PLLC**
  **BY: MICHAEL J. NICHOLS (P59391)**
  3452 East Lake Lansing Road
  East Lansing, Michigan 48823
  (517) 432-9000

**ATTORNEY FOR RESPONDENT:**
  **MSU OFFICE OF GENERAL COUNSEL**
  **BY: BRIAN T. QUINN (P66272)**
  426 Auditorium Road, Rm 494
  East Lansing, Michigan 48824-2600
  (517) 884-9483



A T T O R N E Y S

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

**BRIEF IN SUPPORT OF EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

NOW COMES Plaintiff (Plaintiff-Student), by and through The Nichols Law Firm, PLLC, and files this brief in support of an Ex-Parte Motion for a Temporary Restraining Order pursuant to FCRP 65(b).

The Plaintiff-Student has filed a motion for a Temporary Restraining Order (TRO) to reinstate him/her as a student at Defendant-University. He/she also filed a verified complaint

with a motion to file the complaint under seal and proceed anonymously via the pseudonym of a student ID number. The complaint is verified by the Plaintiff and sets forth facts seeking issuance of a TRO and a Preliminary Injunction. The Defendant-University opposes the TRO after communication exchanges by email on October 9, 2020. General Counsel for the Defendant acknowledged receipt of the intention to seek a restraining order in an email on October 9, 2020 at 11:20am.

The Western District recently addressed the analysis for this extraordinary relief request in *Castillo v Whitmer*, 2020 US Dist Ct, LEXIS 151354 (Decided August 14, 2020)(1:20-cv-751).

The Court set forth the following standards:

"…[t]he court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. Ohio Republican Party, 543 F.3d at 361 (quoting Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union, 467 F.3d 999, 1009 (2006)). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. See Northeast Ohio Coal., 467 F.3d at 1009.

[Castillo v. Whitmer, 2020 U.S. Dist. LEXIS 151354, *4](#)

The exhibits that will demonstrate a likelihood of success on the merits that were filed with Plaintiff-Student's verified complaint are the investigation summary and ERO report and the Plaintiff-Student's objection to the same. The investigation leading up to this major disciplinary action included 3 hearsay statements and no hearing.

The Defendant-University and its employees cannot rely on the "old system" for investigating Title IX complaints and claim it provided due process to this student. He suffered a major discipline based on rank hearsay without eyewitnesses and without a hearing. If the Title IX investigation policy in place as of February 8, 2019 ("The Policy") is what the



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

Defendants rely upon in taking action, then The Policy itself is a substantive due process violation as its applied to this case.

## I.  LIKELIHOOD OF SUCCESS ON THE MERITS

The Court will note from the ERO Investigative Report (Exh 2 to the Complaint), there was no Complainant who made any direct statement, either to the investigator or at a hearing. A Hearing of some nature is vital and the ability to cross-examine witnesses is at the heart of a procedure that affords the litigants due process *Doe v University of Cincinnati*, 872 F.3d at 399–402; *Flaim*, 418 F.3d at 641. In *Doe*, the 6th Circuit held that a district court did not err in issuing an injunction preliminarily, when he was not provided with any sort of hearing with the right to confront whatsoever his accuser, *Doe* at 399. The Court held "State universities must afford students minimum due process protections before issuing significant disciplinary decisions, *ibid*. This set of facts could not be more parallel. The Defendants may claim that Plaintiff-Student's extra-judicial statements to law enforcement officers obviate the need for any type of hearing, but that fails to recognize that police officers who take statements are not always accurate, perfect in their fidelity to the context of those statements and without bias. None of this was remotely fair and just as the *Doe v Cincinnati* court reinstated the status quo with an injunction in that case, this court should send the same message in this one. A disciplinary procedure that affects the academic standing of a litigant in a major way must follow the law with strict adherence. *Doe v Baum,* 903 F3d 575, 581 (2018).

There is no dispute that a hearing was never conducted in this case. The Defendant-University's response is expected to be that the lack of retroactive applicability of the changes to the administrative rules promulgated by the Office of Civil Rights/Department of Education (OCR/DOE) *34 CFR part 106* means that schools are not required to follow the *34 CFR 106* as amended effective August 14, 2020. Just because the Defendant-University believes it has tacit



A T T O R N E Y S

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

endorsement of the OCR/DOE does not mean that the Defendant-University is allowed to impose major discipline against Plaintiff-Student in violation of his/her constitutional due process rights and therefore affixing an indelible stain to his/her academic record, separating Plaintiff-Student from the Defendant-University and putting him/her through embarrassment and humiliation under color of law.

There was nothing reasonable about the process in this case, especially considering how long it took: from November, 2019 until October, 2020 *despite* the fact that there were all of 3 witnesses and no hearing. The timelines for the Defendant-University for the then-existing policy were so fractured that it is inconceivable that all the investigator did was interview 3 hearsay witnesses and then prepare a report/recommendation. There was no adherence to the law. The failure to follow the timeline and/or the failure to put any witnesses through cross-examination and the failure to presume that Plaintiff-Student was not responsible for a violation of the policy are the chief reasons that this matter should not be a close call and Plaintiff-Student should prevail on the merits.

## II.     IRREPARABLE INJURY

The Defendant-University placed Plaintiff-Student on suspension. That event will be reflected on his/her transcript. The suspension is non-modifiable even though it is for a finite term. In other words, the act of the suspension will always be on the record for a prospective employer, graduate school or for anyone else to see. The nature of a permanent record makes the injury irreparable.

Further, Plaintiff-Student was more than halfway through the semester. It expected to be his/her final semester as he/she was earning the number of credits had remaining, in order to be eligible to receive his/her diploma. The irreparable injury related to this set of circumstances is the fact that he/she likely not be able to enroll in the same classes. It is not as simple as "finish



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

up next semester." That is a significant concern because the classes needed for the credits required very likely may not be available.

He/she will likely have to relearn information and has invested time in this semester and learned information to date that will serve no purpose from a standpoint of accomplishing the finish line of a college degree.

The conduct in making the suspension retroactive to the beginning of the semester, which is now more than halfway completed is nothing more than punitive. It also makes no sense as neither party is even on campus.

Even if a punitive aspect of a Title IX disciplinary decision is allowed, this is almost 100% punitive in nature. The reason is because the Defendant-University has other options for imposing a sanction including a ban from campus properties or facility use even after a student graduates from school. The Defendant-University chose to use one of the most onerous responses that was available to it without minimal due process.

### III.     BALANCING OF THE HARMS

Plaintiff-Student will suffer a permanent stain on his/her disciplinary record. He/she will also lose permanently the opportunity to graduate in December, 2020 and start his/her job search. Plaintiff-Student also loses the possibility of even graduating in May, 2021 because of the fact that there is a likelihood that the classes for which he signed up to finish the necessary credits in order to graduate will not be available in the spring 2021 semester.

Moreover, the humiliation, embarrassment and mental anguish from the Defendant-University's act of suspending him in a document that is subject to public viewing. Further he/she is forced to cease his/her education and progress retroactive to September 4, 2020 despite the work that he/she has invested and he/she is completely frustrated and the Plaintiff-



A T T O R N E Y S

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

Student's progress in mental health treatment and recovery is setback: all of the above is irreparable harm compared to the University's "reputation" or statistics with OCR/DOE.

## IV.     PUBLIC POLICY

Plaintiff-Student has been studying online because all of campus learning is online for the fall, 2020 semester. Defendant-University seeks to suspend him for an entire semester and if the January 2021 semester is partially in-person then the harm that the Defendant-University seeks to prevent will be more likely to occur by virtue of the Defendant-University's decision to find a violation and impose the sanction.

The Defendant-University suffers no further loss other than the ability to enact a purely punitive discipline (see Section III of this Brief) but otherwise will not have to separate Plaintiff-Student from Student 1 (the putative complainant) in the entire litigation. There will be no need to segregate the two or otherwise protect the campus community if Plaintiff-Student is allowed to finish coursework during the fall, 2020 semester because he/she is completely online along with the rest of the campus. The folly of the Defendant-University's actions in this case are further set forth in the verified complaint.

This situation is poles apart from the sort of situation that was the backdrop against which injunctive relief was sought in *Castillo v Whitmer,* 202 US Dist LEXIS 151354. In that case, Plaintiffs brought a cause of action challenging an Executive Order issued by the Michigan Department of Public Health Director mandating COVID-19 testing for all Latino agricultural workers, *Castillo* at 6. That was a situation in which the executive branch of a state government was acting in a manner (that subsequently was deemed unconstitutional) through a specific order to require the plaintiffs to undergo testing for the disease that was at the time raging. The harm to the party against whom the injunction was sought was manifest.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

Here, what Defendant-University suffers if it is required by this court to at least temporarily, re-enroll Plaintiff-Student is not entirely clear. If the claim by the Defendant is that the ability to punish students as a way to enforce its Title IX policy would be at risk by intervention from this court then courts have spoken loudly and often throughout the 6th Circuit.

However, if Plaintiff-Student is forced to hit the rewind button on his/her educational pursuits when he/she is so close to the finish line after the journey he/she endured, it will have an untold negative impact on this young person's mental health along with the impact on his/her economic health. Plaintiff-Student is not asking this court to serve as a super-level of appeal. This request for extraordinary relief is to return the status quo until the Plaintiff-Student can pursue this cause of action and ultimately, have the benefit of due process in a Title IX inquiry.

Dated:  October 15, 2020                Respectfully submitted,

                                                     THE NICHOLS LAW FIRM, PLLC

                                                     /s/  Michael J. Nichols
                                                     Michael J. Nichols (P59391)
                                                     Attorney for Petitioner

                                                   3452 East Lake Lansing Road
                                                     East Lansing, Michigan 48823
                                                      (517) 432-9000



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com