# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**STUDENT PID A54456680,**

      **PLAINTIFF,**

CASE NO: _____

**V**

HON. _____

**MICHIGAN STATE UNIVERSITY,**
**and**
**BOARD OF TRUSTEES OF MICHIGAN**
**STATE UNIVERSITY**

      **DEFENDANTS.**

**ATTORNEY FOR PETITIONER:**
  THE NICHOLS LAW FIRM, PLLC
  BY: MICHAEL J. NICHOLS (P59391)
  3452 East Lake Lansing Road
  East Lansing, Michigan 48823
  (517) 432-9000

**ATTORNEY FOR RESPONDENT:**
  MSU OFFICE OF GENERAL COUNSEL
  BY: BRIAN T. QUINN (P66272)
  426 Auditorium Road, Rm 494
  East Lansing, Michigan 48824-2600
  (517) 884-9483

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY AND REQUEST TO FILE SIGNATURES AND VERIFICATION OF COMPLAINT UNDER SEAL**



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... 3

I. INTRODUCTION ...................................................................................... 4

II. LEGAL STANDARDS GOVERNING PSEUDONYMOUS PROCEEDINGS………………………………………………………………4

III. PSEUDONYMOUS PROCEEDINGS ARE APPROPRIATE IN THIS MATTER……………………………………………………………………… 5

    A. Allowing Plaintiff to Proceed Pseudonymously Will Not Prejudice Defendant ............................................................................. 6

    B. Public Interest ........................................................................................ 6

IV. CONCLUSION ........................................................................................... 7



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

# **INDEX OF AUTHORITIES**

Cases

*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) .................................................................. 5

*Doe v Dabbagh,* No. 15-cv-10724 (ED Mich., May 28, 20150 ...................................................... 5

*Doe v Penzato,* No. CV 10-5154, WL 910738 (ND Cal. May 13, 2011) ....................................... 5

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ................................................................................... 4

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) .................................................................................. 4

*Roe v. St. Louis Univ*., No. 4:08CV 1474, 2009 U.S. Dist. 2009 WL 910738 (E.D. Mo. Apr. 2, 2009) ................................................................................................................................................ 5

Rules

Federal Rule of Civil Procedure 10(a) ............................................................................................ 4



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

## I.   INTRODUCTION

Plaintiff filed this action using a fictitious name and move that this Court allow Plaintiff to proceed pseudonymously because: (a) Plaintiff wishes to preserve the right to privacy; and (b) due to the personal nature of the allegations, such as suspension from school, of the potential exposure to retaliation, Plaintiff requests that this Court issue an order allowing Plaintiff to proceed anonymously.

Applying the controlling case law, a pseudonymous proceeding is appropriate in this matter as the women are unlikely to proceed in the prosecution of this matter if public disclosure of their true identities is required.

## II.   LEGAL STANDARDS GOVERNING PSEUDONYMOUS PROCEEDINGS

Federal Rule of Civil Procedure 10(a) requires a plaintiff to disclose their names in the complaint. Fed. R. Civ. P. 10(a). However, "there is precedent for departing from a procedural custom…to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). In considering whether to allow a plaintiff to proceed anonymously, the Sixth Circuit has emphasized several considerations, one of which is whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Pseudonymous status is warranted in this case because this litigation will involve the disclosure of personal information relative to 2 students at Michigan State University ("Defendant-University") and their education that may result in unwanted or necessary exposure. Courts often permit plaintiff to proceed with pseudonymous status, recognizing that such events frequently involve the disclosure of highly personal and often stigmatizing



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

information. *See Doe v. Dabbagh*, No. 15-cv-10724, slip op. at 2 (E.D. Mich., May 28, 2015 ("[M]any courts allow rape victims to proceed under pseudonyms, at least until trial. The allegations often involve compelled sex acts that degrade and stigmatize the victim."). *See also, Doe v. Penzato*, No. CV10-5154, WL 910738 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously to plaintiff making allegations of human trafficking and sexual assault), Ex. 1; *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault victims so that other victims will not be deterred from reporting such crimes"), Ex. 2; *Roe v. St. Louis Univ.*, No. 4:08CV 1474, 2009 U.S. Dist. 2009 WL 910738 at *13-14 (E.D. Mo. Apr. 2, 2009) (granting anonymous status to rape victim), Ex. 3.

Here, Plaintiff was suspended from school which has the potential to cause humiliation and embarrassment because future employers and others may have access to Plaintiff's transcript and school records. The details of this case are likely to be disclosed directly through information presented in prosecution or defense of the claims presented.

For these reasons, Plaintiff asks the Court to proceed anonymously. Upon entry of an order allowing Plaintiff to proceed anonymously, Plaintiff's counsel will work with Defense Counsel to craft an appropriate protective order allowing the disclosure of Plaintiff's identity to defense counsel and appropriate party representatives for purposes of defense of this case.

### III.  PSEUDONYMOUS PROCEEDINGS ARE APPROPRIATE IN THIS MATTER

Plaintiff qualifies to proceed pseudonymously under the above standards as prosecution of this litigation will compel disclosure of intimate and personal information, namely the personal nature of allegations of stalking and domestic violence. Disclosure of this information is substantially detrimental to Plaintiff's privacy interests as articulated above.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

### A.  Allowing Plaintiff to proceed pseudonymously will not prejudice Defendant.

There is no prejudice to Defendants if Plaintiff files this action under a fictitious name and proceed pseudonymously. Defendant will be made aware of Plaintiff's identities in a confidential manner. Upon information and belief, the general counsel for Defendant-University is already aware through documents prepared during the Title IX investigation. Defendants are in no manner prejudiced if Plaintiff proceeds pseudonymously. Defendant will be promptly informed of Plaintiff's true identifies allowing it to prepare any defenses it may have for trial without delay. All Plaintiff seeks is to remain pseudonymous to members of the public having no direct interest in this proceeding.

### B.  Public Interest.

The public interest will not be harmed by allowing the Plaintiff to proceed pseudonymously. The masking of the Plaintiff's legal name will in no way affect the public's ability to monitor this matter and scrutinize the legal issues involved.

Similarly, the public has an interest in seeing this matter decided on the merits. If Plaintiff is not allowed to proceed pseudonymously, Plaintiff is unlikely to proceed at all, which would ultimately harm the public interest.



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com

## IV. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court enter an Order allowing Plaintiff to proceed pseudonymously in this matter, using only pseudonyms, and further order that the signature and verification of complaint to be filed in support of this motion be filed.

Dated:  October 15, 2020          Respectfully submitted,

THE NICHOLS LAW FIRM, PLLC

/s/  Michael J. Nichols
Michael J. Nichols (P59391)
Attorney for Petitioner

3452 East Lake Lansing Road
East Lansing, Michigan 48823
(517) 432-9000



ATTORNEYS

Michael J. Nichols
Wendy M. Schiller-Nichols
James T. Heos
Matthew J. Heos
Christopher B. Wickman

Colline L. Cheltenham
Of-Counsel

3452 E. Lake Lansing Road
E. Lansing, MI 48823

(517) 432-9000
(800) 550-5892
(517) 203-4448 - facsimile
www.nicholslawyers.com