UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUDENT PID A54456680,

        Plaintiff,

v.                                                                          CASE NO. 1:20-CV-984

                                          HON. ROBERT J. JONKER

MICHIGAN STATE UNIVERSITY and
the BOARD OF TRUSTEES of
MICHIGAN STATE UNIVERSITY,

        Defendants.
_____/

## **ORDER**

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against Defendants Michigan State University ("MSU") and the Board of Trustees of MSU. Plaintiff alleges that Defendants violated his due process rights under the Fifth and Fourteenth Amendments in connection with a Title IX investigation and resulting discipline – a semester's suspension announced in early October 2020 and retroactively effective September 4, 2020. Plaintiff seeks an ex parte temporary restraining order immediately restoring Plaintiff as a student at MSU until the Court can hear and decide a request for an injunction detailed in the Verified Complaint. (ECF Nos. 1, 2.) Plaintiff also wishes to proceed under a pseudonym and requests that the Court seal the case itself (ECF No. 3) and exhibits (ECF No. 4). The Court addresses the motions in turn.

1.     *Motion for Ex Parte TRO*

Under FED. R. CIV. P. 65(b), the Court may issue a temporary restraining order without notice only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse

party can be heard in opposition." The Court has reviewed Plaintiff's verified complaint and motion papers and is not persuaded that Plaintiff has made the showing Rule 65(b) requires. Any suspension – even a short-term one like this – is potentially embarrassing and inconvenient. But it appears that Plaintiff has taken time off in earlier terms for his own reasons. ECF No. 1, Complaint at PageID.6. The suspension here may result in further delayed progress toward a degree, but providing time for the defendants to be heard is not likely to affect the relative balance of harms. The Court is not making any finding as to the preliminary injunction factors at this point. Rather, the Court is simply finding that injunctive relief before the defendants can be heard is not warranted on this record.

2.    *Motions to Seal*

Plaintiff seeks to proceed anonymously; seal the lawsuit; and seal exhibits filed in the case. Litigation is presumptively public, and none of Plaintiff's arguments persuade the Court that privacy interests outweigh the presumption in favor of public proceedings here. Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption.  *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Courts begin with the presumption of open judicial proceedings.  *See Porter*, 70 F.3d at 560. A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to

violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

None of these exceptions persuasively applies here. The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiff has not met that burden here.  *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (observing that the 'level of public interest in access to the identities of litigants' counsels against the use of a pseudonym). This Court routinely handles sensitive matters without pseudonyms. *See, e.g., Booth v. Coopersville Area Public Schools*, Case No. 1:08-CV-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete). The same is true of sensitive matters involving sexual abuse and harassment. *See Johnson v. Active Machine & Tool, Inc.*, Case No. 1:10-CV-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee); *Alboudi v. Trinity Health, Michigan*, Case No. 1:20-CV-721 (W.D. Mich. 2020) (avoiding use of pseudonyms in case involving allegations of sexual contact between colleagues). In fact, the undersigned normally denies pseudonym requests in Title IX cases. *See Irvin v. Grand Rapids Public School District*, Case No. 1:14-CV-1161 (W.D. Mich. 2014); *Brooks v. Benton Harbor Area Schools*, Case No. 1:17-CV-93 (W.D. Mich. 2017); *Hoffman v. Holland Christian Education Society*, Case No. 1:18-CV-400 (W.D. Mich. 2018).

 Plaintiff's motions to seal the lawsuit itself and exhibits in the case likewise fail. A document filed with the Court becomes a judicial record. *Pansy v. Stroudsburg*, 23 F.3d 772, 781 (6th Cir. 1994). The right to public access to judicial records is presumed. *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-80 (6th Cir. 1983). A party who wants to overcome that presumption carries the burden of showing particularized need for sealed filing. *Tinman v.*

*Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745-56 (citing *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981). To determine whether a party has overcome the presumption of access, the Court balances the public's interest against the party's interest in confidentiality. *Picard*, 951 F. Supp. at 691 (citing *Matter of Continental*, 732 F.2d 1302, 1313 (7th Cir. 1984)). The "preference for public access is rooted in the public's first amendment right to know about the administration of justice." *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)). Public access "helps safeguard 'the integrity, quality and respect in our judicial system' and permits the public to 'keep a watchful eye on the workings of public agencies.'" *Id.* (quoting *Orion*, 21 F.3d at 26). *See generally Shane Group., Inc., et al. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016); *Rudd Equipment Co. v. John Deer Construction & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).

Plaintiff has not overcome the strong presumption in favor of public access to judicial records. In seeking a seal, as in seeking to proceed anonymously, Plaintiff emphasizes privacy concerns; the personal nature of the allegations; and potential embarrassment should prospective employers or others learn about the case. The underlying allegations in this case are much less personal, inflammatory and potentially embarrassing than many Title IX cases.  They appear to involve a relationship and bad break up, which is a common and recurring part of ordinary life. Moreover, plaintiff's own allegations suggest that at least during one phase of the break up, he himself posted a photograph of the couple to a widely used internet service, which is inconsistent with a desire for privacy.  ECF No. 1, Complaint, at PageID.6.  On the present record, there is not enough to justify sealing the proposed exhibits, and much less the entire case. The Court will not, however, unseal the proposed exhibits (ECF Nos. 6, 7 and 8) before Plaintiff has time to consult

with Defendants' counsel regarding appropriate redactions that might satisfy the parties and the Court.

**ACCORDINGLY, IT IS ORDERED**:

1. Plaintiff's Motion for Ex Parte Temporary Restraining Order (ECF No. 2) is **DENIED** to the extent Plaintiff seeks ex parte relief and remains pending in all other respects.

2. Plaintiff shall promptly serve Defendants with the Motion for Temporary Restraining Order and this Order, and file proof of service. Defendants' Response is due no later than fourteen days after service. A hearing on the motion, if necessary, will be scheduled after that.

3. Plaintiff's Motions to Seal (ECF Nos. 3, 4) are **DENIED**. If Plaintiff wishes to proceed with this litigation, he shall file an amended complaint in his given name no later than October 30, 2020.

4. The parties shall file any requested redactions no later than fourteen days after service of the Motion for Temporary Restraining Order (ECF No. 2) and this Order.

Dated:    October 15, 2020          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE