UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER MUNOZ,

        Plaintiff,

CASE NO. 1:20-CV-984

v.

HON. ROBERT J. JONKER

MICHIGAN STATE UNIVERSITY, et al.,

        Defendants.
_____/

## ORDER

This case began on October 15, 2020, as a procedural due process complaint against Michigan State University by a student objecting to the process (or lack thereof) involved in a disciplinary suspension. The Court denied a Motion to Seal and a Motion for Ex Parte TRO on the day of filing. ECF No. 12. Plaintiff filed a First Amended Complaint the next day. ECF No. 14. On October 30, defendants filed a Motion to Dismiss, and a combined brief supporting dismissal and opposing any remaining Rule 65 relief still under consideration. ECF Nos. 20-21.

Plaintiff's response to the Motion to Dismiss would normally be due November 27, the Friday after Thanksgiving Day. Because that day will be an administrative holiday in this district, the Court would consider as timely any filing through Monday, November 30. Any reply brief on the Motion to Dismiss would be due under local rules 14 days after that.

On November 20, plaintiff unilaterally filed a Second Amended Complaint proposing to add a retaliation claim and a number of party defendants. Plaintiff did not obtain the permission of the Court or of opposing counsel to file the Second Amended Complaint, and plaintiff had already used his one right to amend "as of course" under Rule 15(a)(1). The Second Amended

Complaint must therefore be stricken at this time.  No new summons shall issue, and no existing defendant has an obligation to respond to it unless and until the Court otherwise orders.

A Rule 16 is currently scheduled for Monday, November 30.  The Court will re-schedule that to a later date so that briefing can be complete on the pending Motion to Dismiss the First Amended Complaint.  In addition, plaintiff should have the opportunity to reply to the defense position on any Rule 65 relief still at issue, if any. It may be that the potential for preliminary injunctive relief is moot, and that all possible relief—equitable and legal—can await final adjudication on the merits.  But if plaintiff believes some preliminary injunctive relief is still viable and appropriate, plaintiff must file his reply in support of that not later than Monday, November 30, 2020.

At the re-scheduled Rule 16, the parties should anticipate discussing not only scheduling issues generally, but also the Motion to Dismiss, any remaining issues under Rule 65, and the propriety and timing of a proposed Second Amended Complaint, including without limitation the new claim and parties plaintiff apparently wishes to add to the case.

IT IS SO ORDERED.


Dated:   November 23, 2020            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE