UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER MUNOZ,

        Plaintiff,

                                          CASE NO. 1:20-CV-984

v.

                                          HON. ROBERT J. JONKER

PHILIP STRONG, et al.,

        Defendants.

_____/

## INTRODUCTION

Plaintiff Xavier Munoz was enrolled as a student at Michigan State University in the Fall of 2020. In October of 2020, the University suspended him for one semester based on its determination that plaintiff violated school policy by stalking a former girlfriend a year earlier, in the Fall of 2019. Plaintiff served notice of his intention to challenge the suspension as a violation of due process. He says this triggered an additional retaliatory disciplinary warning from the University. Plaintiff has since earned his degree from the University, but he maintains this action to clear his disciplinary record, which he says was imposed in violation of procedural due process, and of the First Amendment. In his Second Amended Complaint ("SAC"), ECF No. 39 at paras. 81, 89, he seeks prospective injunctive relief against various University officials he says are responsible for imposing, recording or disseminating information about his disciplinary record. He also seeks damages. *Id.* Defendants move to dismiss on multiple grounds.

**ELEVENTH AMENDMENT**

Defendants first say plaintiff's claims are barred by the Eleventh Amendment. And as to any requested relief beyond prospective injunctive relief, defendants are correct. Plaintiff has explicitly stated in both the caption and substantive allegations of the SAC that he is suing the named officers in their official capacities, not their individual capacities. And as the Supreme Court stated in *Will v. Michigan Dep't of State Police*, 491, U.S. 58, 71 (1989) (internal citation omitted), "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Accordingly, defendants' motion to dismiss is **GRANTED** to the extent plaintiff seeks any relief other than prospective injunctive relief.

As to plaintiff's request for prospective injunctive relief, however, the outcome is different. In *Will*, the Supreme Court was not dealing directly with the Eleventh Amendment, but with the related question of who qualifies as a "person" subject to suit under Section 1983. In that context, the Court held that officers sued in their official capacity are not Section 1983 persons any more than is the State itself. And in other cases, the Court has applied that same logic to application of the Eleventh Amendment's sovereign immunity. But all that said, plaintiff's claims for prospective injunctive relief fall squarely within the *Ex parte Young* doctrine, which permits suits against state officials under Section 1983 to restrain future unconstitutional conduct. *Will*, 491 U.S. at 71 n. 10. This is so because the *Young* fiction treats the named state officials as stripped of their official capacity to they extent they act unconstitutionally. Plaintiff may not have pleaded this in the clearest or most traditional way, but he plainly means to invoke this well-established pathway for raising constitutional claims for prospective injunctive relief. ECF No. 59, at PageID.561-562. Even the defense motion appears to recognize this. ECF No. 53, at PageID.465.

## **FAILURE TO STATE A CLAIM**

The balance of defendants' motion is denied on the present record.  In the first place, the defense motion introduces at least some new documents that are not part of the plaintiff's complaint itself.  This alone suggests the motion is better resolved on Rule 56 after plenary discovery.  Fed. R. Civ. P. 12(d).  But even more significantly, the defense motion does not fully accept all of plaintiff's well-pleaded allegations in making the case for dismissal.  For example, the defense motion repeatedly asserts that plaintiff admitted—or at least did not deny—the charges against him in the underlying disciplinary proceedings.  But the allegations of the SAC are to the contrary.  *See, e.g.,* ECF No. 39, at paras. 33 (plaintiff "does not admit to violating the RVSM"); 61 (plaintiff "denies violating the RVSM").  Similarly, the defense motion asserts that plaintiff waived[1] his right to participate in the hearing process offered, but plaintiff's allegations are that there was no hearing or other meaningful and unbiased process available to him.  *See, e.g.* ECF No. 39, at paras. 19-21, 23, 30-31-32, 36, 65-66, and 72.  Maybe the defense view of the facts will ultimately be vindicated, but in considering a Rule 12(b)(6) motion, the Court must accept the plaintiff's version.

On the plaintiff's version of the facts, the Court is satisfied there are sufficient facts pleaded to allow plaintiff's claims to proceed.  Everyone agrees that procedural due process is implicated when a public university imposes a suspension of this magnitude.  The only question is what the particular requirements of notice and an opportunity to be heard are in this context.  That is a necessary fact-based inquiry.  And plaintiff has sufficiently articulated alleged flaws in the process

---

[1] The Sixth Circuit has recently clarified important differences between waiver, forfeiture and invited error.  *United States v. Montgomery*, ____ F.3d ____, 2021 WL 2070639 (May 24, 2021).  Factual development will be needed in this case to ensure proper characterization of the impact of how the parties interacted, or did not interact, in the disciplinary process.

that could plausibly amount to a due process violation. As to the First Amendment retaliation claim, the court is satisfied for Rule 12(b)(6) purposes that the October 29, 2020, warning letter may plausibly amount to an adverse action. By its own terms, the letter expresses formal disapproval of plaintiff's actions. And beyond that, the letter expressly references the prior suspension that plaintiff is also challenging. There is also, for Rule 12(b)(6) purposes, a plausible factual connection between plaintiff's protected conduct and the allegedly retaliatory warning. In particular, the warning letter followed plaintiff's threat to sue by a matter of a few days. Moreover, the plaintiff's alleged wrongdoing was simply responding to a professor's email regarding a class in which he was enrolled for the Fall 2020 semester before the announced suspension. Such an exchange was understandable, at a minimum, and arguably inevitable considering the University's decision to impose the suspension retroactively.

Accordingly, the defendants' Motion to Dismiss (ECF No. 52) is **GRANTED** only to the extent that plaintiff is attempting to assert claims for damages or relief other than a prospective injunction against the named defendants in their official capacities. The Motion is **DENIED** in all other respects. The Court will issue a Case Management Order based on the parties' earlier Joint Status Report.

**IT IS SO ORDERED**.

Dated:   June 23, 2021             /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE